IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOYLE WAYNE BINGHAM (#126074982), | § § § |
| Plaintiff, | § § |
| V. | §     No. 3:20-cv-809-N-BN |
| | § |
| LASALLE SOUTHWEST, ET AL., | § § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Doyle Wayne Bingham, a Johnson County inmate, filed a *pro se* complaint alleging, among other things, that he was improperly restrained and that he was assaulted by an officer at the jail. *See* Dkt. Nos. 3 & 7. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. And, to advance the pre-service screening of Bingham's claims under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court ordered Johnson County Sheriff Adam King and his office to review the substance of the claims and to prepare and file a report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See* Dkt. No. 9.

Prior to the extended deadline to file that report, *see* Dkt. No. 13, Bingham moved for entry of default judgment and for summary judgment on his claims based on the alleged default, *see* Dkt. No. 16.

Default judgment and summary judgment based on default are not proper at

this time because "[n]o defendant is in default for failing to respond to [Bingham's] complaint, as the Court is still screening this *in forma pauperis* action under 28 U.S.C. [§§] 1915(e)(2)(B) [and 1915A]. As such, the complaint has not been ordered served on any defendant." *Richardson v. Cnty. of Dallas*, No. 3:16-cv-3316-K-BN, 2017 WL 2869925, at *1 (N.D. Tex. June 5, 2017), *rec. accepted*, 2017 WL 2861791 (N.D. Tex. July 5, 2017); *cf. Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973) (per curiam) ("We find no abuse of the discretion permitted the trial court on matters of this kind. The defendant failed to file an answer for nearly eleven months after the appropriate deadline. … The record reveals that the defendant had ample notice as required by Rule 55. There is evidence, moreover, that defendant refused to obey the Court's orders, and such action constitutes sufficient grounds for a default judgment." (citations omitted)).

And, by moving to extend the deadline to file the *Martinez* report, *see* Dkt. No. 12, at least Sheriff King has shown an intent to defend this action, which is another reason to deny Bingham's motion. *See* FED. R. CIV. P. 55 advisory committee's note, 2007 Amendments, Subdivision (a) ("Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule."); *Landrith v. Gariglietti*, 505 F. App'x 701, 703 (10th Cir. 2012) ("a § 1915(e) motion is effectively treated as a 12(b) motion and, accordingly, as an effort to 'otherwise defend' under the default judgment rule" (quoting FED. R. CIV. P. 55(a))); *Ross v. Creative Image Techs., LLC*, No. 3:13-CV-3, 2013 WL 2404234, at *2 (W.D. Ky. May 31, 2013) ("Simply put, by filing a motion to stay this proceeding, [defendants] showed

a desire to contest the action. Entering a default against them would thus be inappropriate." (citation omitted)).

## Recommendation

The Court should deny Plaintiff Doyle Wayne Bingham's motion for default judgment and for summary judgment [Dkt. No. 16].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 13, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE