IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOYLE WAYNE BINGHAM, #126074982, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-809-N-BN |
| LASALLE SOUTHWEST, ET AL., | § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Doyle Wayne Bingham, an inmate at the Johnson County jail, filed a *pro se* complaint alleging, among other things, that he was improperly restrained and that he was assaulted by an officer at the jail. *See* Dkt. Nos. 3 & 7.

United States District Judge David C. Godbey referred Bingham's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Bingham leave to proceed *in forma pauperis* (IFP) under the Prison Litigation Reform Act (the PLRA). *See* Dkt. No. 8. And, to advance the pre-service screening of Bingham's claims under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court ordered Johnson County Sheriff Adam King and his office to review the substance of the claims and to prepare and file a report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See* Dkt. No. 9. A report was filed. *See* Dkt. Nos. 27 & 28. And Bingham responded. *See* Dkt. No. 31.

Bingham also filed an amended complaint prior to the filing of the *Martinez*

report. *See* Dkt. No. 20.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Bingham's claims as amended with prejudice.

## Legal Standards

Under the PLRA, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm*

*Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Section 1915A(b)(1), Section 1915(e)(2)(B)(ii), or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the IFP statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that

- 3 -

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the

pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

In sum, "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient….'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)).

And, "[o]rdinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a

Rule 12(b)(6) motion,'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

A *Martinez* report – like an evidentiary hearing held under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) – is "a tool" to be used to further develop the factual basis of an *in forma pauperis* or prisoner complaint, to determine whether *sua sponte* dismissal is appropriate. *Wiley v. Thompson*, 234 F. App'x 180, 182 (5th Cir. 2007) (per curiam) (recognizing that the Fifth Circuit has "adopted the *Martinez* report as a tool" and citing *Cay v. Estelle*, 789 F.2d 318, 323 n.4, 324 (5th Cir. 1986) ("Regardless of the means used to develop the factual basis of a claim, dismissal under [either 28 U.S.C. § 1915(e) or § 1915A] is appropriate whenever it becomes clear that an IFP [or prisoner] complaint is without merit."), *overruled on other grounds by Denton v. Hernandez*, 504 U.S. 25 (1992)); *accord Hamer v. Jones*, 364 F. App'x 119, 122 n.2 (5th Cir. 2010) (per curiam) ("This court has adopted the procedures used in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), as a tool by which an administrative record is constructed to assist in assessing prisoner litigation under 28 U.S.C. § 1915." (citing *Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997))).

But information provided through "[a] *Martinez* report may not be used to

resolve material disputed fact findings when they are in conflict with the pleadings or affidavits." *Newby v. Quarterman*, 325 F. App'x 345, 354 (5th Cir. 2009) (per curiam) (citing *Shabazz v. Askins*, 980 F.2d 1333, 1334-35 (10th Cir. 1992)); *accord Cardona v. Taylor*, 828 F. App'x 198, 201 (5th Cir. 2020) (per curiam) (collecting cases).

"'A bona fide factual dispute exists even when the plaintiff's factual allegations that are in conflict with the *Martinez* report are less specific or well-documented than those contained in the report.'" *Shabazz*, 980 F.2d at 1334-35 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)). "A plausible factual allegation, even if it lacks evidentiary support, is not 'frivolous' as contemplated by § [1915(e)], even though it may not survive a motion for summary judgment." *Hall*, 935 F.2d at 1109. And, "[b]ecause pro se litigants may be unfamiliar with the requirements to sustain a cause of action, they should be provided an opportunity to controvert the facts set out in the *Martinez* report." *Id.*[1]

---

[1] *See also Bailey v. Vincent*, 694 F. App'x 283, 284 (5th Cir. 2017) (per curiam) ("[A]lthough the State raised affirmative defenses in its *Martinez* report, *Bailey* has shown no error in the district court's reliance on the report, which was otherwise proper under the circumstances." (citing *Parker v. Carpenter*, 978 F.2d 190, 191 n.2 (5th Cir. 1992) (approving the Tenth Circuit's *Martinez v. Aaron* procedures as a means "to enable the trial court to make a determination of frivolity" (cleaned up)))); *Ruiz v. Mercado*, Civ. A. No. M-14-1921, 2016 WL 1166040, at *2 (S.D. Tex. Feb. 10, 2016) ("A court may base a dismissal under 28 U.S.C. § 1915(e) 'on medical or other prison records if they are adequately identified and authenticated,' such as those included in a *Martinez* report, and medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference to serious medical needs. However, 'a *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits.'" (citations omitted)), *rec. adopted*, 2016 WL 1162264 (S.D. Tex. Mar. 23, 2016).

## Analysis

The significance of Bingham's filing his one amended complaint "as a matter of course," FED. R. CIV. P. 15(a)(1), is his "amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading," *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985))).

Bingham's amended complaint [Dkt. No. 20] does not. So the Court must focus on the allegations as amended.

Those allegations are that, on January 5, 2020, Bingham was improperly restrained when a corrections officer placed him in his cell "and neglected to remove the [ ] handcuffs," in violation of jail policy, before leaving at the end of his shift. Dkt. No. 20 at 1. According to Bingham, a sergeant at the jail then removed the handcuffs. *See id.* Bingham does not allege how long he was restrained this way, but his amended complaint references, as evidence to support his allegations, the sergeant's statement and Bingham's grievance. *See id.* at 3.

The January 5, 2020 incident, as explained in the *Martinez* report, may contradict some aspects of Bingham's allegations. *See* Dkt. No. 28-1 at 18, ¶ 5. But that recitation of the facts appears to be supported by the same statement – although authored by a lieutenant at the jail, not a sergeant – that Bingham references as evidence in his complaint. *See id.*; *id.* at 62.

> On Sunday January 5th, 2020 at approximately 1830, Officer Michael Tunnell radioed me and stated that there was an inmate requesting to

> speak to a ranking officer and was becoming agitated. I arrived in Blue West at 1850 and was advised by Officer Tunnell that the inmate was Bingham, Doyle #126074982. I began to speak to inmate Bingham. Inmate Bingham stated to me that he felt his life was in danger and that he needed to be moved to another area. When I asked inmate Bingham why he felt that way he would not respond to the question. Inmate Bingham then showed me through the window that he had hand restraints on. The hand restraints were placed on him in the front of his body. I asked Officer Tunnell why inmate Bingham had hand restraints on. Officer Tunnell stated that he and day shift Officer Gower had moved him back to his cell from the recreation yard. Officer Tunnell stated that he was unaware that he still had the hand restraints on. I instructed inmate Bingham to place his hands through the food slot for the restraints to be removed. Inmate Bingham stated he would not remove the restraints because he felt that his life was in danger. Sgt. Brittany Peede then contacted me and stated that inmate Bingham's mother had contacted booking and that she would try to get inmate Bingham to submit the hand restraints. I advised Sgt. Peede to contact me if she was unable to get the hand restraints from inmate Bingham. Sgt. Peede contacted me and stated that inmate Bingham wanted a statement on when the hand restraints were removed. I advised Sgt. Peede that I was en route back to Blue West. At no time did I advise Sgt. Peede to give inmate Bingham a statement. Sgt. Peede advised me that she was able to remove the hand restraints.

*Id.* at 62.

Regardless, even accepting Bingham's amended allegations as true and electing to ignore all information provided through the *Martinez* report that conflicts with those allegations – even if that information is merely more specific or just better documented – Bingham has not alleged a plausible constitutional violation.

The undersigned liberally construes Bingham's restraint claim as alleging unconstitutional deliberate indifference. "[T]here is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001). And through the procedural and substantive due process guarantees of the Fourteenth

- 9 -

Amendment "the deliberate indifference standard articulated ... in *Farmer v. Brennan*, 511 U.S. 825, 837-40 (1994), applies to pretrial detainees." *Thomas v. Mills*, 614 F. App'x 777, 778 (5th Cir. 2015) (per curiam) (citing *Hare*, 74 F.3d at 643); *see also Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) ("Our court has based its Fourteenth Amendment case law concerning pretrial detainees on the Supreme Court's Eighth Amendment precedent concerning prisoners. Among those borrowings is our understanding of subjective deliberate indifference." (citations omitted)).

To state a constitutional claim based on the alleged failure to remove the handcuffs requires factual allegations that show (or from which the Court may infer) that jail employees acted with deliberate indifference such as to cause the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)).

That is, "[d]eliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))).

But the facts that Bingham alleges, at most, show negligence or gross negligence. Indeed, "negligence" is the label Bingham attaches to the incident on January 5, 2020. As such, he has not alleged a plausible constitutional violation.

And, because further leave to amend would be futile, this case should now be dismissed with prejudice. *See Nixon*, 589 F. App'x at 279; *Hutcheson v. Dallas Cnty., Tex.*, 994 F.3d 477, No. 20-10383, 2021 WL 1344002, at *5 (5th Cir. Apr. 12, 2021) ("The district court already provided them an opportunity to amend, however, and the amended complaint is still deficient. Moreover, the plaintiffs do not indicate how they would cure their complaint if given another chance to amend. Thus, the district court did not abuse its discretion in denying leave to file a second amendment." (citing *Benfield v. Magee*, 945 F.3d 333, 339-40 (5th Cir. 2019))).

## Recommendation

The Court should dismiss this case with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 7, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE